HARRY FLEISHER ET AL. *v.* UNITED STATES.*

No. 202. Argued November 15, 1937.—Decided December 6, 1937.

---

* Together with No. 203, *Sam Fleisher* v. *United States;* and No. 204, *Stein* v. *United States,* also on writs of certiorari to the Circuit Court of Appeals for the Sixth Circuit.

*Messrs. Isadore G. Stone, Alfred A. May,* and *Arthur H. Ratner* were on the brief and submitted the case for the petitioners.

*Mr. Bates Booth,* with whom *Solicitor General Reed, Assistant Attorney General McMahon,* and *Messrs. Mahlon D. Kiefer* and *W. Marvin Smith* were on the brief, for the United States.

Per Curiam.

Judgments of conviction on four counts of an indictment charging conspiracies to violate provisions of the internal revenue laws were affirmed by the Circuit Court of Appeals. 91 F. (2d) 404. Certiorari was granted, limited to the question whether the first count of the indictment states an offense under federal law.

The first count alleged that defendants from October 1, 1934, to the date of the indictment, October 30, 1935, unlawfully conspired to possess, and cause to be possessed, stills and apparatus for the production of distilled spirits without having the same registered with the Collector of Internal Revenue as required by law. The Government concedes that under the applicable law the charge should have been that there was failure to register the stills with the District Supervisor of the Alcohol Tax Unit in the Bureau of Internal Revenue. The first count failed to state an offense. Act of March 3, 1927, c. 348, 44 Stat. 1381; 5 U. S. C. 281 c; Prohibition Reorganization Act of May 27, 1930, c. 342, 46 Stat. 427; Regulations No. 3, Bureau of Industrial Alcohol, Treasury Department (March 24, 1931), Article 14; Act of March 3, 1933, c. 212, § 16, 47 Stat. 1518; Executive Order No. 6639, March 10, 1934, 5 U. S. C. 132 note; Treasury Decision No. 4432, May 10, 1934. *Scott v. United States,* 78 F. (2d) 791; *Benton v. United States,* 80 F. (2d) 162.

The sentence upon count two provides that it shall run "from and after expiration of term of imprisonment im-

posed on count one." Each of the sentences on the remaining counts runs from the expiration of the term of imprisonment imposed on the preceding count. In view of the invalidity of the sentence on count one, the sentences on the remaining counts should be amended so as to fix a definite date for their commencement.

The judgments on count one are severally reversed and the causes are remanded for further proceedings in conformity with this opinion.

*Reversed.*