## UNITED STATES v. TUFFANELLI et al.

### No. 8037.

Circuit Court of Appeals, Seventh Circuit.

Dec. 2, 1943.

Geo. F. Callaghan and Myer H. Gladstone, both of Chicago, Ill., for appellant.

Maurice J. Walsh, of Chicago, J. Albert Woll, U.·S. Atty., Francis J. McGreal, Asst. U. S. Atty., August H. Hoch, and Joseph H. Collier, all of Chicago, Ill., Attys., U. S. Treasury Department, for appellee.

Before SPARKS and MAJOR, Circuit Judges, and LINDLEY, District Judge.

MAJOR, Circuit Judge.

This is an appeal from a judgment of the District Court rendered subsequent to this court's mandate, issued as a sequence to our decision in United States v. Tuffanelli et al., 7 Cir., 131 F.2d 890. As will be noted from the opinion in that case, Tuffanelli and Bonarski were jointly tried upon an indictment which contained a number of counts. Tuffanelli was convicted and sentenced to one year and one day on each of counts 1, 2, 3, 7, 8 and 10, sentences on counts 1 and 2 to run consecutively with and sentences on counts 7, 8 and 10 to run concurrently with sentence on count 3. Bonarski was convicted and sentenced on counts 3, 7, 8 and 10. He was sentenced to two years on count 3 and to one year and one day on each of counts 7, 8 and 10, sentence on count 7 to run consecutively with and sentences on counts 8 and 10 to run concurrently with sentence on count 3.

As is disclosed by our opinion, this court held that there should have been a directed verdict as to Tuffanelli on counts 3, 7 and 8, and as to Bonarski on counts 3 and 8. The judgment on those counts was, therefore, reversed. The judgment was affirmed as to Tuffanelli on counts 1, 2 and 10, and as to Bonarski on counts 7 and 10..

On remand, the court below resentenced Tuffanelli to one year and one day upon each of counts 1, 2 and 10, the sentence on count 2 to run consecutively with that on count 1, and the sentence on count 10 to run consecutively with that on count 2. Bonarski was sentenced to three years on count 7 and two years on count 10, sentence on the latter to run concurrently with the former. Thus it will be observed that the total time to be served by each defendant, upon resentence, was three years, the same as that provided in the original judgment. This result was achieved as to Tuffanelli by providing that the sentences upon the three affirmed counts should be served consecutively. It was achieved as to Bonarski by increasing to three years the sentence of one year and one day originally imposed .on count 7. Also, the sentence of one year and one day originally imposed upon count 10 was increased to two years, to be served, however, concurrently with count 7.

The question posed for solution is: May the District Court, after this court has affirmed convictions on certain counts and reversed convictions on other counts, enter a new, different and modified judgment on the counts which have been affirmed and thereby augment the sentence originally imposed on such counts?

The government argues that the court below resentenced the defendants in accordance with the mandate, predicated upon our opinion in the former appeal, which stated: "* * * the cause is remanded to the District Court where the appellants will be resentenced in conformity with this opinion." That the court might plausibly have so construed the mandate is not to be doubted. That the mandate, however, may be open to such construction does not meet or solve the question of the instant case. If the defendants have been illegally sentenced, it is of little consequence whether the error be that of the court below in construing and applying the mandate or that of this court in the form of mandate which we directed.

█ The question for decision is more difficult than might be supposed, and we regret that the government's brief furnishes no aid to its solution. A total of two cases are cited, one an Illinois case, People v. Murphy, 257 Ill. 564, 100 N.E. 980, defining the word "sentence," and the other Beland v. United States, 5 Cir., 128 F.2d 795. This case, says the government, is "identical with the case at bar." True, a resentence after a mandate was upheld but it was because of authority contained in a special statutory provision, and we are satisfied that it does not afford the slightest support for the government's position in the instant case. Defendants rely in part upon the well established rule that a trial court is without power to alter a judgment subsequent to the term at which it was entered. We need not stop to analyze the cases cited in support of this proposition because, in our view, they have little, if any, pertinency to the question for decision. This is so for the reason that the trial court on appeal lost all jurisdiction of the case, and any power or authority to resentence must have been by virtue of our mandate.

We have made a careful search for and study of cases and we have found none which has upheld the authority of a trial court to change or alter a lawful judgment after affirmance by an appellate court, and we might add that we have found no case which sustains the authority of this court to give such a direction. Of all the cases we have read, the one nearest in point is that of Morris v. United States, 8 Cir., 185 F. 73. There, the defendant was sentenced upon a number of counts. As a part of the sentence on one count, he was ordered to pay the costs of prosecution. On appeal, this particular count was reversed, and upon remand, the lower court provided for the payment of costs in connection with the sentence on a count which had been affirmed. This the appellate court held it was without authority to do. On page 76 of 185 F., it stated: "The portion of the judgment which was affirmed did not impose costs upon the defendant, and the court, upon receipt of the mandate, had no power or authority to modify the previous judgment by adding the imposition of costs." In United States v. Howe, 2 Cir., 280 F. 815, on page 821, 23 A.L.R. 531, the court while not considering the precise question here presented, made this pertinent observation: "If a judgment of conviction, after it has been affirmed by this court, and a mandate sent down directing it to be carried out, can be set aside by the District Court, and a new and different sentence imposed, it ought to be entirely clear to any one that the judgment which has been affirmed and sent down would not be a final judgment, because it would not be one which finally determined the suit; * * *."

■ The authority of the trial court after affirmance appears to be no different in a civil than in a criminal action. In Clarke v. Hot Springs Electric Light & Power Company, 10 Cir., 76 F.2d 918, 921, the court said: "The only power which the trial court had after affirmance was to enforce the decree as affirmed, * * *." So far as we are advised, the trial court, after affirmance by this court, is in the same position as this court after affirmance by the Supreme Court. As to the latter situation, the court in Re Sanford Fork & Tool Co., 160 U.S. 247, 255, 16 S.Ct. 291, 293, 40 L.Ed. 414, said: "When a case has been once decided by this court on appeal, and remanded to the circuit court, whatever was before this court, and disposed of by its decree, is considered as finally settled. The circuit court is bound by the decree as the law of the case, and must carry it into execution according to the mandate. That court cannot vary it, or examine it for any other purpose than execution; or give any other or further relief; or review it, even for apparent error, upon any matter decided on appeal; or intermeddle with it, further than to settle so much as has been remanded."

■ Neither do we find any statutory provision which gives any countenance to the right of the court below to resentence after affirmance. The pertinent section appears to be Title 28 U.S.C.A. § 877, which provides: "Whenever on appeal * * * a case coming from a district court shall be reviewed and determined in the circuit court of appeals in a case in which the decision in the circuit court of appeals is final such cause shall be remanded to the said district court for further proceedings to be there taken in pursuance of such determination." It seems rather plain that the "further proceedings" contemplated by this provision after affirmance is the execution of the judgment which has been reviewed and affirmed.

There are some cases in which a resentence has been directed by an appellate tribunal. Of such cases, we think it may be said generally that the original sentence was unlawful or a general sentence based upon a number of counts, some of which were reversed. Typical of the latter is Ballew v. United States, 160 U.S. 187, 16 S.Ct. 263, 40 L.Ed. 388. There, a general verdict of guilty was had upon two counts of an indictment upon which a general judgment was rendered by the trial court. One of the counts was reversed and one affirmed. The general judgment was reversed by the Supreme Court (page 203 of 160 U. S., page 269 of 16 S.Ct., 40 L.Ed. 414) and the cause remanded, with directions to enter judgment upon the affirmed count. This situation is readily distinguishable from that of the instant case where a separate and distinct sentence was originally imposed upon the affirmed counts. Typical of the class of cases where an unlawful sentence had been imposed are Egan v. United States, 52 App.D.C. 384, 287 F. 958; Barrow v. United States, 54 App.D.C. 128, 295 F. 949; Spirou v. United States, 2 Cir., 24 F.2d 796, and United States v. Pridgeon, 153 U.S. 48, 14 S.Ct. 746, 38 L. Ed. 631. In all of these cases and in others which might be cited, the sentence originally imposed was for some reason unlawful or excessive, generally because of failure to conform to the statute authorizing the sentence. Such cases are distinguishable from the instant one, as here no question is made but that a judgment was rendered upon each count, in conformity with the appropriate statutory provision.

■ The original sentence imposed upon each of the counts constituted a final judgment. Otherwise, no appeal could have properly been taken. If all the counts had been affirmed, we assume that no one would argue that a different judgment could be imposed after affirmance. The situation, however, is not so easy to visualize upon part affirmance and part reversal, particularly in view of the fact that the time of commencing sentence on some of the affirmed counts was dependent upon completion of sentence on some of the reversed counts. Taking Tuffanelli's situation for instance, we find that his sentences on counts 1 and 2 were to run consecutively, and sentences on counts 7, 8 and 9 to run concurrently with count 3, which defendants designate as the "anchor" count. This count was reversed, and thus the so-called "anchor" count was removed from the case.

■ Pertinent to the instant situation is the case of Blitz v. United States, 153 U.S. 308, 14 S.Ct. 924, 38 L.Ed. 725, wherein the defendant was convicted on the first and third counts of an indictment. On the first count, he was sentenced to a year and a day, to commence on the 28th day of November, 1893; on the third count he was sentenced for a like period, to begin upon the expiration of the first count. The

judgment as to the first count was reversed, and affirmed as to the third count. The court, in deciding when sentence commenced under the third count, on page 318 of 153 U.S., on page 928 of 14 S.Ct., 38 L.Ed. 725, stated: "But as there has been a trial upon the third count, the sentence, in respect to that count, should stand, and the term of imprisonment under it be held to commence from the 28th day of November, 1893, the date fixed by the judgment below for imprisonment to begin under the sentence on the first count."

In other words, the "anchor" count having been removed by reversal, the sentence on the affirmed count was held to commence as though it had not been dependent thereon. Applying the same principle to Tuffanelli, the "anchor" count having been reversed, the sentences on the affirmed counts stood to be served without reference to count 3. Reversal as to count 3 did not affect the validity of the sentences imposed upon counts which were affirmed. It merely left them to be served as though the court had failed to designate when the sentences were to commence, which means that they were to be served concurrently. Cf. McNealy v. Johnston, 9 Cir., 100 F.2d 280; Hode v. Sanford, 5 Cir., 101 F.2d 290.

 What we have said with reference to Tuffanelli applies with even greater force as to Bonarski for the reason that upon remand his sentence on affirmed count 7 was actually increased from one year and one day to three years. While this makes no difference in the principle to be applied, it does emphasize the injustice which would result from a failure to apply the principle.

We need not labor the controversy as to whether the court below was directed to resentence defendants on the affirmed counts. We now think our language was susceptible of such construction and was ill advised. We should merely have directed the court below to proceed in accordance with our opinion, followed by a mandate, disclosing the counts, which had been affirmed and those which had been reversed. As to the former, the mandate was authority for execution of the judgment which had been imposed upon such counts, and, as to the latter, it was authority for vacating the judgment which had been imposed on those counts. It was not proper to enter a new judgment, either the same or different, upon the affirmed counts and not necessary to do so on the reversed counts. As was said in Flowers v. United States, 8 Cir., 86 F.2d 79, 80: "It will be noted that this court affirmed the judgment of the lower court. This affirmance in effect made the judgment of the lower court the judgment of this court."

 Furthermore, we are of the view, assuming that the court below acted in accordance with our mandate, that this court was without authority to give such direction. So far as we are able to discern, this court is as barren of authority to direct a new judgment upon an affirmed conviction as is the lower court to enter it. Our function is to affirm or reverse. Upon the former, the judgment appealed from remains only to be executed, upon the latter, vacated.

The judgment appealed from is reversed and the cause remanded, with directions that the judgment be vacated. There is nothing in the record to indicate whether the original judgment was vacated at the time of the entry of the judgment appealed from. If not, that judgment remains the judgment of the case. If so, that judgment will be reinstated. It follows that both defendants will serve concurrently the sentences originally imposed upon counts which we affirmed in the former appeal.