## ROBINSON v. UNITED STATES.

### No. 3083.

Circuit Court of Appeals, Tenth Circuit.

Feb. 15, 1945.

Willard Mack Robinson, pro se.

John Brett, Asst. U. S. Atty., of Oklahoma City, Okl. (Charles E. Dierker, U. S. Atty., of Oklahoma City, Okl., on the brief), for the United States.

Before PHILLIPS, HUXMAN, and MURRAH, Circuit Judges.

PHILLIPS, Circuit Judge, delivered the opinion of the court.

An indictment containing four counts was returned against Robinson in the United States District Court for the Western District of Oklahoma. It was numbered 13457. Count one charged a conspiracy to violate 18 U.S.C.A. § 398. Counts two, three, and four undertook to charge separate substantive violations of § 398, supra. Another indictment containing three counts was returned against Robinson in the United States District Court for the Western District of Oklahoma. It was numbered 13528. Count one charged a conspiracy to violate § 398, supra. Counts two and three charged substantive violations of § 398, supra. Robinson entered pleas of guilty to the several counts of both indictments.

In Number 13457, Robinson was sentenced to a term of two years from date of delivery on count one, to a term of five years from date of delivery on each of counts two and three, and to a term of five years on count four to commence at the expiration of the service of sentences imposed on counts two and three, the sentences on the first, second, and third counts to run concurrently. In Number 13528, Robinson was sentenced to a term of two years from date of delivery on count one and to a term of five years from date of delivery on each of counts two and three. The sentence in Number 13528 provided: "Sentences of confinement herein shall run concurrently and concurrently with sentences of confinement imposed on the first, second and third counts in * * * No. 13457."

Robinson prosecuted a former appeal from an order denying motions to vacate the judgments and sentences. See Robinson v. United States, 10 Cir., 143 F.2d 276. On that appeal, we held that the several counts in Number 13528 charged separate and distinct offenses, and that the sentences imposed in that cause were not in excess of the statutory maximum and were valid. We further held that counts two, three, and four in Number 13457 charged an identical offense and that the maximum sentence which could be lawfully imposed in that cause was seven years. We reversed and remanded, with instructions to vacate the sentences and impose new sentences within the limitations indicated in the opinion. On remand, the

trial court vacated the original sentences and in Number 13457 sentenced Robinson to a term of two years on the first count and a term of five years on the second count, to run concurrently from March 22, 1941, the time that Robinson commenced serving the original sentences. In Number 13528, the trial court sentenced Robinson to a term of two years on count one, a term of five years on count two, and a term of five years on count three, to run concurrently with each other, but consecutively with the sentences imposed on counts one and two in Number 13457.

Because the original sentences in Number 13528 were adjudged to run concurrently with void sentences imposed in Number 13457, on the former appeal we thought it proper to vacate the sentences in Number 13528, although we held such sentences were not excessive. We are now persuaded that we erred in ordering the vacation of the sentences in Number 13528 and unwittingly led the trial court into error. Those sentences were valid. They were imposed on March 22, 1941. Robinson entered upon the service of those sentences on that date. Our mandate was issued on July 28, 1944, long after the term at which the original sentences in Number 13528 had been imposed.

A trial court has power to vacate an excessive and void sentence and impose a valid sentence after the term at which the original sentence was imposed has terminated.[1] And a trial court may correct errors in a sentence after the expiration of the term at which the sentence was imposed.[2] But a trial court is without power to vacate or alter a valid sentence after the expiration of the term at which such sentence was imposed, unless a proceeding for that purpose was begun during the term.[3]

Since the trial court was without power to vacate or modify the valid sentences in Number 13528, it must follow that we were without power to direct it so to do.

The judgment in Number 13457 is affirmed. The judgment and sentences in Number 13528 are reversed and the cause is remanded, with instructions to vacate the commitment entered thereon and to reinstate the original sentences.

[1] Holiday v. Johnston, 313 U.S. 342, 349, 61 S.Ct. 1015, 85 L.Ed. 1392; Gilmore v. United States, 10 Cir., 124 F.2d 537, 539; De Benque v. United States, 66 App.D.C. 36, 85 F.2d 202, 205, 106 A.L.R. 839.

[2] Foster v. Zerbst, 10 Cir., 92 F.2d 950, 952; Fleisher v. United States, 302 U.S. 218, 58 S.Ct. 148, 82 L.Ed. 208; Ainsworth v. Sanford, 5 Cir., 104 F.2d 96; Buie v. King, 8 Cir., 137 F.2d 495, 498; Downey v. United States, 67 App.D.C. 192, 91 F.2d 223, 230; Rupinski v. United States, 6 Cir., 4 F.2d 17, 18.

[3] Gilmore v. United States, 10 Cir., 124 F.2d 537, 539; United States v. Mayer, 235 U.S. 55, 67, 35 S.Ct. 16, 59 L.Ed. 129; Gilmore v. United States, 8 Cir., 131 F.2d 873, 874; MacDonald v. United States, 8 Cir., 136 F.2d 482, 483; De Benque v. United States, 66 App.D.C. 36, 85 F.2d 202, 205, 106 A.L.R. 839; Mosheik v. Bates, 66 App.D.C. 318, 87 F.2d 221, 223; United States v. Hill, 3 Cir., 71 F.2d 906, 908; United States v. Capone, 7 Cir., 93 F.2d 840, 841; Ellerbrake v. United States, 7 Cir., 134 F.2d 683, 684; Pattison v. United States, 9 Cir., 2 F.2d 14, 15.