## KINNISON v. UNITED STATES.

### No. 9259.

United States Court of Appeals,

District of Columbia.

Argued Oct. 8, 1946.

Decided Nov. 18, 1946.

Writ of Certiorari Denied March 10, 1947.

See 67 S.Ct. 966.

Mr. T. Emmett McKenzie, of Washington, D. C., submitted on the brief for appellant.

Mr. Sidney S. Sachs, Asst. U. S. Atty., of Washington, D. C., with whom Messrs. Edward M. Curran, U. S. Atty., and John P. Burke, Asst. U. S. Atty., both of Washington, D. C., were on the brief, submitted on brief for appellee.

Before GRONER, Chief Justice, and CLARK and PRETTYMAN, Associate Justices.

PER CURIAM.

Appellant was convicted on four counts of an indictment charging violations of the Marihuana Act.[1] He was sentenced to imprisonment for a term of from one to three years on each count, the sentences to run concurrently. On this appeal, the conviction is challenged on the ground that the indictment does not charge an offense under any provision of the Act. Specifically, the challenge is that the indictment in two counts charged that the sale of the drug was not made in pursuance of a written order on a form issued in blank for that purpose "by the Commissioner of Internal Revenue of the United States," whereas the statute provides and requires that the forms in question are to be issued by the Secretary of the Treasury.

The point is not new and was disposed of by us, with respect to the Harrison Narcotic Act, in our opinion in Cromer v. United States, 1944, 78 U.S.App.D.C. 400, 142 F.2d 697. In that case the indictment charged the sale of the drug was not in pursuance of a written order issued by the Commissioner of Internal Revenue, whereas the actual authority to issue the order was in the Commissioner of Narcotics. But in that case, and in this, the power to prescribe the order form had been delegated pursuant to authority contained in the respective Acts; in that case to the Commissioner of Narcotics and in this case to the Commissioner of Internal Revenue. In the Cromer case we added the statement, which is equally true here, that there is no possibility that the defendant did not know the nature and character of the offense charged, or that he was misled or handicapped in preparing his defense by the misdescription of the Treasury subordinate authorized to issue the narcotic order; that there was not in the Cromer case, nor is there here, any possibility that the alleged erroneous description would subject the appellant to another trial for the same offense, nor that any actual prejudice resulted.

In our opinion, the present case is distinguishable from Fleisher v. United

---

[1] 53 Stat. 279, Act Aug. 2, 50 Stat. 554, 1937, 26 U.S.C.A. Int.Rev.Code, § 2590 (a) et seq.

States, 1937, 302 U.S. 218, 58 S.Ct. 148, 82 L.Ed. 208. Here, as we have seen, the official named in the indictment was the one to whom the authority had been lawfully delegated, whereas in the Fleisher case two separate statutes were involved. Section 3258 of the Revised Statutes,[2] had required that stills for manufacturing alcohol be registered with the Collector of Internal Revenue; however, subsequent reorganization statutes, executive orders and regulations[3] required that stills be registered with the District Supervisor of the Alcohol Tax Unit. The indictment there endeavored to charge a present offense in the language of a superseded statute.

That is not this case.. See also Nailling v. United States, 6 Cir., 1942, 142 F.2d 551.

 Appellant makes a second point on the ground that two of the counts of the indictment were defective in that the venue was not established. But we think there is no occasion to comment on this because of the rule that in a case where separate sentences are imposed to run concurrently, and one count will support the sentence, the judgment will not be set aside although error may have been committed under one or more of the remaining counts. Gibson v. United States, 1945, 80 U.S.App.D.C. 81, 149 F.2d 381.

Judgment affirmed.

---

[2] 26 U.S.C.A. Int.Rev.Code, § 2810.
[3] For complete review of the history of the statutes involved in this case see Benton v. United States, 4 Cir., 1935, 80 F.2d 162, certiorari denied 1935, 297 U. S. 705, 56 S.Ct. 497, 80 L.Ed. 993. .