**UNITED STATES of America**

v.

**Onofrio MANDRACCHIA a/k/a Fred Mandracchia, Edward A. Pugliese a/k/a Edward A. Clarke.**

**Crim. A. No. 6657.**

United States District Court
D. New Hampshire.

July 14, 1965.

Paul L. Normandin, Asst. U. S. Atty., Concord, N. H., for plaintiff.

John E. Fitzgerald, Jr., Everett, Mass., for defendant Mandracchia.

Upton, Sanders & Upton, J. Gilbert Upton, Concord N. H., for defendant Pugliese.

CONNOR, District Judge.

The Court on July 7, 1965, granted the Government's motion to correct sentences and amended the sentences imposed on defendant Mandracchia on November 26, 1963, and the sentences imposed on defendant Pugliese, reduced on February 20, 1964. The Court has resentenced both defendants, in the view that they should not escape some term of commitment for their offenses. As indicated at the hearing, the Court herewith files its findings of fact and conclusions of law in support of such action.

## FINDINGS OF FACT

1. On November 18, 1963, defendants Mandracchia and Pugliese were convicted, along with other defendants, on Counts I, II, III and V of a multi-count indictment involving operation of an illegal still. On November 26, 1963, defendant Mandracchia was sentenced as follows:

Count I — Three years imprisonment, to stand committed.

Count II — Three years imprisonment, suspended, four years probation to commence at completion of sentence on Count I.

Count III — Three years imprisonment, suspended, four years probation to commence at completion of sentence on Count I. This sentence to be concurrent with sentence on Count II.

Count V — Three years imprisonment, suspended, four years probation to commence at completion of sentence on Count I. This sentence to be concurrent with sentences on Counts II and III.

Defendant Pugliese was sentenced on the same day, but on February 20, 1964, the Court reduced the sentence originally imposed to read as follows:

Count I — Eighteen months imprisonment, to stand committed.

Count II — Eighteen months imprisonment, suspended, four years probation to commence at completion of sentence on Count I.

Count III — Eighteen months imprisonment, suspended, four years probation to commence at completion of sentence on Count I.

This sentence to be concurrent with sentence on Count II.

Count V    — Eighteen months imprisonment, suspended, four years probation to commence at completion of sentence on Count I. This sentence to be concurrent with sentences on Counts II and III.

2. Both defendants elected not to commence service of their sentences pending appeal and have been free on bail since the date of original sentence. Neither has commenced to serve his sentences.

3. Defendants prosecuted appeals of their convictions in the Court of Appeals. That court vacated the judgment and set aside the verdict on Count I, because the Court's charge to the jury on that count followed 26 U.S.C. § 5601(b) (1). This statute, ruled the Court of Appeals, was unconstitutional. Defendants' convictions on the remaining counts were affirmed, however, and the matter was remanded for proceedings not inconsistent with the Court of Appeals' opinion. Pugliese v. United States, 343 F.2d 837 (1st Cir. 1965).

4. Defendants' sentences on Counts II, III and V were to have commenced at the completion of sentences on Count I. The action of the Court of Appeals, invalidating defendants' convictions on Count I, rendered commencement date for defendants' remaining sentences vague and indefinite.

5. On May 25, 1964, the Government filed its motion to correct defendants' remaining sentences under Rule 35 of the Federal Rules of Criminal Procedure. On June 4, the Court invited counsel for the parties to submit briefs or memoranda within ten days, to assist it in disposing of the motion. The Government's memorandum was filed June 14. None has been received from defendants or their counsel.

6. On July 7, 1965, the parties presented oral argument on the motion. Defendant Pugliese appeared without counsel and the Court appointed J. Gilbert Upton, Esq., of Concord, to represent him. At the conclusion of counsels' presentations, the Court orally granted the motion and thereupon ordered the previous judgments, and the sentences contained therein, to be amended as follows:

As to defendant Mandracchia:

Count II    — Three years imprisonsonment, to stand committed.

Count III    — Three years imprisonment, suspended, four years probation to commence at completion of sentence on Count II.

Count V    — Three years imprisonment, suspended, four years probation to commence at completion of sentence on Count II. This sentence to be concurrent with sentence on Count III.

As to defendant Pugliese:

Count II    — Eighteen months imprisonment, to stand committed.

Count III    — Eighteen months imprisonment, suspended, four years probation to commence at completion of sentence on Count II.

Count V    — Eighteen months imprisonment, suspended, four years probation to commence at completion of sentence on Count II. This sentence to be concurrent with sentence on Count III.

Such sentences were within the limits set by the relevant statutes.

## CONCLUSIONS OF LAW

Before amending the judgments and sentences, the Court examined the law to

determine whether its power to do so was limited by statute or judicial decision. Upon analysis of the authorities, the Court has arrived at the following conclusions.

■ 1. *Uncertainty of time for commencement renders a sentence illegal and makes it correctable at any time under Rule 35 of the Federal Rules of Criminal Procedure.* Scarponi v. United States, 313 F.2d 950, 953 (10th Cir. 1963).

■ Due to invalidation by the Court of Appeals of defendants' convictions on Count I, the sentences originally imposed on defendants on the other counts were stripped of firm commencement dates. The Court concludes that Rule 35 is applicable here and vests jurisdiction in the Court to take such action with respect to correction of the sentences as will serve the ends of justice.

At one time in the Federal jurisprudence, a criminal judgment could be amended, modified or vacated only during the term of court at which it was rendered. United States v. Benz, 282 U.S. 304, 306–307, 51 S.Ct. 113, 75 L.Ed. 354 (1931). This principle must now be deemed superseded by the terms of Criminal Rule 35, which permits correction of sentence at any time, and by the express provision of Criminal Rule 45(c) abolishing the "term of court" concept.

■ 2. *The Court has power to revise sentences originally imposed, thereby increasing their severity where justice requires, subject to certain limitations not applicable in this case.*

According to longstanding authority, re-affirmed within recent years, a district court has the power to increase the severity of a sentence, where it appears that the sentence originally imposed would be entirely inadequate to serve the ends of justice. Cisson v. United States, 37 F.2d 330, 332 (4th Cir. 1930); Pence v. United States, 219 F.2d 70 (10th Cir. 1955); Kelley v. United States, 235 F.2d 44 (4th Cir. 1956); United States v. Byars, 290 F.2d 515 (6th Cir. 1961); Vincent v. United States, 337 F.2d 891 (8th Cir. 1964).

■■ Sentencing is not a game, nor is it a matter of contract with the defendant who receives the sentence. Rather, it is an exacting task in which the Court undertakes to analyze all the relevant circumstances and impose a sentence which will best protect society, deter others and punish (yet at the same time give hope for rehabilitation of) the offender. Though courts do their best in the first instance to perform this task, occasionally a situation arises where it appears that the sentence originally imposed is inadequate to fulfill its multiple purpose. In such a situation, the Court has a responsibility to adjust the sentence so that it will fulfill its purpose. There are, however, certain factors which would prevent the Court from doing so. These factors, as discussed below, are not present in the instant case.

3. *The Court's power to amend the judgments in this case is not limited by the double jeopardy prohibition of the Fifth Amendment.*

In Ex parte Lange, 85 U.S. (18 Wall.) 163, 21 L.Ed. 872 (1873), the United States Supreme Court applied the Fifth Amendment's double jeopardy prohibition to the matter of sentencing and held, in effect, that jeopardy attaches when a defendant commences to serve his sentence. Thereafter, stated the Court, his sentence may not be increased, for to do so would involve punishing him twice for the same offense. Cf. United States v. Benz, supra, 282 U.S. at 307, 51 S.Ct. 113.

■ But in this case, as noted above, defendants elected not to commence service of their sentences pending appeal and did not commence service. Accordingly, no jeopardy has attached to the original sentences.

4. *Amendment of the judgments does not violate the terms of the Court of Appeals' mandate in this case.*

There are cases which seem to indicate that once a judgment has been affirmed on appeal, the sentence contained therein is invulnerable and a district court has no power to change it. One such case,

the facts of which are similar to the present case, is United States v. Tuffanelli, 138 F.2d 981 (7th Cir. 1943).

In Tuffanelli, defendants had been found guilty on several counts, and had been sentenced to consecutive terms of imprisonment, the later ones to commence at the completion of the sentences on the "anchor" count. On appeal, the "anchor" count was reversed and on remand the District Court resentenced: on one defendant, the Court imposed prison terms equal to those he had received before his appeal; on the other defendant, the Court imposed prison terms greater than those originally imposed. The defendants appealed, and the Court of Appeals framed the question in the following terms:

"May the District Court, after [the Court of Appeals] has affirmed convictions on certain counts and reversed convictions on other counts, enter a new, different and modified judgment on the counts which have been affirmed and thereby augment the sentence originally imposed on such counts?"

The Court answered the question in the negative, and held that on appeal the trial court lost all jurisdiction of the case and with it any power or authority to resentence. The Court reasoned as follows: (a) As in a civil case, the only power a trial court has after appeal is to enforce the decree as affirmed; (b) There is no statutory authority countenancing resentence by a trial court after affirmance; (c) The Supreme Court, in a case where an "anchor" count was reversed on appeal, had directed only an amendment to set an appropriate date for commencement of the remaining sentences.

The Tuffanelli opinion is squarely in point, yet its influence on the Court's decision extends only as far as the intrinsic value of its reasoning may warrant. And the Court, for the following reasons, finds Tuffanelli unpersuasive.

██ (a) The point that a trial court only has the power to enforce a decree as affirmed is a conclusory pronouncement which merely states the result arrived at by the Court of Appeals and provides no independent logical basis for arriving at that result. Furthermore, to state generally that affirmance insulates a sentence from any modification involves a failure to analyze just what an appeals court does on review, with respect to sentences. Except in unusual circumstances, a Federal appeals court does not review the type or severity of the sentence imposed. Sentence is within the discretion of the trial court and a court of appeals may interfere only where the trial court has abused its discretion, as where it has imposed a sentence greater than the law permits. This principle has been stated, in one form or another, in nearly every Circuit. E. g., United States v. Lo Duca, 274 F.2d 57 (2nd Cir. 1960); United States v. Williams, 254 F.2d 253 (3rd Cir. 1958); United States v. Baysden, 326 F.2d 629 (4th Cir. 1964); Granger v. United States, 275 F.2d 127 (5th Cir. 1960); Livers v. United States, 185 F.2d 807 (6th Cir. 1950); United States v. Cosentino, 191 F.2d 574 (7th Cir. 1951); Bartholomew v. United States, 286 F.2d 779 (8th Cir. 1961); Russell v. United States, 288 F.2d 520 (9th Cir. 1961), cert. denied 371 U.S. 926, 83 S.Ct. 296, 9 L.Ed.2d 234 (1962); Epperson v. Anderson, 117 U.S.App.D.C. 122, 326 F.2d 665 (1963). With the appellate role so limited where the question of sentence is an issue on appeal, it follows that where the question is not an issue on appeal (as in this case), the Court of Appeals can hardly be deemed to have passed on the sentence imposed by the trial court, one way or another.

██ Accordingly in this case, where the Court of Appeals has remanded for further proceedings not inconsistent with its opinion, affirmance of Counts II, III and V cannot be deemed to have insulated defendants' sentences from revision, where justice so requires.

██ (b) A second weakness in the Tuffanelli opinion is its statement that no statutory provision countenances the

right of a district court to resentence after affirmance. Tuffanelli was decided in 1943, prior to the effective date of the Federal Rules of Criminal Procedure. In 1945, Rule 35, which authorizes correction of an illegal sentence at any time, came into effect. This rule appears to vest in a district court the jurisdiction and authority to act, even after affirmance, when it appears that the sentence as originally imposed is for some reason "illegal." Tuffanelli's validity, if any, must be deemed weakened by the establishment of Rule 35.

(c) As a third basis for its conclusion, the court in Tuffanelli relied upon the decision of the United States Supreme Court in Blitz v. United States, 153 U.S. 308, 14 S.Ct. 924, 38 L.Ed. 725 (1894). This case, according to the Tuffanelli opinion, provides authority for the view that a district court can only revise the date of commencement of sentence on remaining counts, where conviction on an "anchor" count has been invalidated on appeal. However, the Blitz case does not provide such authority. Rather, in that case the Supreme Court rejected defendants' contention that invalidation of conviction on an "anchor" count requires new trial on the remaining valid counts. Blitz v. United States, supra, at 317, 14 S.Ct. 924. The Court held that the sentences on the remaining counts *could* stand, with a revision of commencement dates. Cf. Fleisher v. United States, 302 U.S. 218, 58 S.Ct. 148, 82 L.Ed. 208 (1937). The Court, however, did not pass on the issue whether a district court was *limited* to a revision of the commencement dates.

On the whole, therefore, the decision in Tuffanelli appears to rest on faulty reasoning and weak authority, and the Court rejects it.

5. *Other cases which seem to limit the power of the Court to resentence are distinguishable from the present case.*

The decision of the Court in Appeals in Ekberg v. United States, 167 F.2d 380 (1st Cir. 1948), may be thought to have some bearing here. But that case is distinguishable from the present one.

There, defendant had been convicted on a three count indictment, had been sentenced to consecutive terms of imprisonment on the three counts, and had fully served the first of his terms by the time the matter came before the Court of Appeals. The Court invalidated his conviction on Count I and applied the time defendant had already served to his sentences on the valid Counts II and III. It happened that the time he had served equaled the sentences on Counts II and III, and the Court found that defendant was entitled to release.

Disapproving the possibility that the District Court might on remand resentence the defendant to longer terms on Counts II and III, the Court stated, "It is too late to go back and start over again." The Court explained that, in effect, defendant had already served his sentences on Counts II and III and that resentence under such circumstances would violate the Fifth Amendment's double jeopardy prohibition, as applied in Ex parte Lange, supra.

In the present case, as noted above, defendants have not commenced to serve their sentences, and revision of their sentences at this time would not violate the Fifth Amendment, nor would it run contrary to the pronouncement of the Court of Appeals in Ekberg. The Court concludes that in the present case, it is *not* "too late to go back and start over again."

In Barnes v. United States, 223 F.2d 891 (5th Cir. 1955), the Court held that a district court could not, in setting the terms of an appeal bond under Criminal Rule 38(c) impose conditions which went beyond the sentence actually imposed. There is dictum in the case to the effect that a district court cannot increase resentence after affirmance (citing Tuffanelli, supra) but the case cannot be deemed to control the Court in the present instance.

To summarize: In the present case, defendants had been convicted on several counts in an indictment and had been sentenced to terms of imprisonment on Count I and to suspended sentences with probation on the other counts, to begin

at completion of the sentences on Count I. Defendants elected not to commence serving their sentences pending appeal. On appeal their convictions on Count I were set aside, thereby making commencement dates for the other sentences vague and indefinite. The case was remanded to this court for further action not inconsistent with the opinion of the Court of Appeals.

Under these circumstances, the Court concludes that it had jurisdiction to entertain the Government's motion to correct sentence under Criminal Rule 35 and authority to revise the former sentences so as to impose a term of imprisonment on defendants, in the interest of justice, for the protection of society and the proper punishment of the defendants. Such action by the Court neither trenched on defendants' Constitutional rights nor violated the mandate of the Court of Appeals.