Edward A. **PUGLIESE**, Defendant,
Appellant,

v.

**UNITED STATES** of America,
Appellee.

Onofrio **MANDRACCHIA**, Defendant,
Appellant,

v.

**UNITED STATES** of America,
Appellee.

Nos. 6600, 6601.

United States Court of Appeals
First Circuit.

Heard Nov. 1, 1965.

Decided Dec. 2, 1965.

Gilbert Upton, Concord, New Hampshire, for Edward A. Pugliese, appellant.

Alfred P. Farese and John E. Fitzgerald, Jr., Everett, Mass., on brief for Onofrio Mandracchia, appellant.

Paul L. Normandin, Asst. U. S. Atty., with whom Louis M. Janelle, U. S. Atty., was on brief, for appellee.

Before ALDRICH, Chief Judge, HASTIE * and McENTEE, Circuit Judges.

ALDRICH, Chief Judge.

Defendants, convicted on four counts relating to the illegal operation of a still, were sentenced to jail on Count 1, and on the other counts were given suspended sentences to run concurrently with service of the Count 1 sentence, with probation on and after the jail term. On appeal we reversed the sentences on Count 1, and affirmed the rest. Pugliese v. United States, 1 Cir., 1965, 343 F.2d 837. The district court, apparently feeling the defendants had cheated the hangman, thereupon revoked the sentences on the remaining counts and imposed jail sentences thereon. Defendants appeal.

We have no doubt that the court would initially have imposed jail sentences on

* Sitting by designation.

the other counts had it not thought one jail sentence enough, and we are entirely willing to accept its view that less than one is not enough. The difficulty is that following affirmance of the judgments on these counts the district court lacked power to do what it sought to accomplish.

█ The primary authority relied upon by the district court is the first sentence of Fed.R.Crim.P. 35.[1] The court reasoned that reversal of the convictions on the "anchor" count rendered the commencement date of the subsequent sentences uncertain, and thus illegal within the rule stated in Scarponi v. United States, 10 Cir., 1963, 313 F.2d 950. However, as the court there pointed out, the word "illegal" is essentially a means to an end. The illegality could not exceed what needs to be corrected. The only uncertainty here related to the commencement date, not to the substance of the sentence. Such uncertainties are inherent in any "on and after sentence," due to the possibilities of good time, etc., yet such sentences have never been considered illegal as such. See Green v. United States, 1 Cir., 1964, 334 F.2d 733, cert. den. 380 U.S. 980, 85 S.Ct. 1345, 14 L.Ed.2d 274. The voiding of a prior sentence does not affect the validity of a subsequent sentence, but only the commencement date. Blitz v. United States, 1894, 153 U.S. 308, 14 S.Ct. 924, 38 L.Ed. 725. In some cases it may be that an affirmative resetting of that date is called for. Cf. Fleisher v. United States, 1937, 302 U.S. 218, 58 S.Ct. 148, 82 L.Ed. 208. That, however, is the extent. Cf. United States v. Tuffanelli, 7 Cir., 1943, 138 F. 2d 981.

██ The government makes an alternative contention, based upon a power of the district court to revise sentences generally, Vincent v. United States, 8 Cir., 1964, 337 F.2d 891, cert. den. 380 U.S. 988, 85 S.Ct. 1363, 14 L.Ed.2d 281,

until, by virtue of the Fifth Amendment, this power has been terminated by commencement of service, Ex parte Lange, 1873, 18 Wall. 163, 21 L.Ed. 872. We need not determine the extent of that power. However, once a case has been transferred to this court, the authority of the district court, even on remand, unless greater power has been expressly delegated, cf. Wilson Research Corp. v. Piolite Plastics Corp., 1 Cir., 1964, 336 F.2d 303, is substantially diminished. United States v. Smith, 1947, 331 U.S. 469, 67 S.Ct. 1330, 91 L.Ed. 1610. United States v. Tuffanelli, supra, not only holds that the district court after appeal had no power to increase, but suggests that we could not give it such power as to a sentence not infected by error. Even if, conceivably, the law should be otherwise, we in fact delegated no general power in this case. It is true, as the district court pointed out, that appellate courts normally have no concern with sentences. From this it reasoned that appeal, as such, should not affect its power to increase sentence. We must conclude that any such inference is over-weighed by the negative pregnant implicit in Rule 35's provision for reduction.

██ Each defendant requests that the judgment appealed from "be vacated, and the cause remanded with directions to reinstate the original judgment as affirmed." Essentially, this is appropriate. We need not quibble whether, in view of the court's lack of power, the original judgments as affirmed ever disappeared, so as to require reinstatement, except as a matter of record. We should, however, consider whether the court is called upon to set a new commencement date. We think not, at least in this case. The defendants originally elected not to commence service of sentence. They should now report promptly to the probation officer, and their sentences will be regarded as having commenced when their tech-

---

1. "The court may correct an illegal sentence at any time. The court may reduce a sentence within 60 days after the sentence is imposed, or within 60 days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within 60 days after receipt of an order of the Supreme Court denying an application for a writ of certiorari."

nical custody, Jones v. Cunningham, 1963, 371 U.S. 236, 83 S.Ct. 373, 9 L.Ed.2d 285, is accepted by him.

Judgments will be entered vacating the judgments of the district court and remanding the cases to that court for further proceedings in accordance with this opinion.