**CROMER v. UNITED STATES.**

No. 8536.

United States Court of Appeals
District of Columbia.

Argued Feb. 7, 1944.

Decided March 20, 1944.
Writ of Certiorari Denied June 5, 1944.

See 64 S.Ct. 1274.

Mr. Levi H. David, of Washington, D.C., with whom Mr. M. Edward Buckley, Jr., of Washington, D.C., was on the brief, for appellant.

Mr. Charles B. Murray, Assistant United States Attorney, of Washington, D.C., with whom Messrs. Edward M. Curran, United States Attorney, and Bernard Margolius, Assistant United States Attorney, both of Washington, D.C., were on the brief, for appellee.

Before GRONER, Chief Justice, and EDGERTON and ARNOLD, Associate Justices.

ARNOLD, Associate Justice.

Appellant was convicted and sentenced on an indictment containing twelve counts, six of them charging violations of the Harrison Narcotic Act,[1] and the other six charging violations of the Narcotic Drugs Import and Export Act.[2]

The first ground urged for reversal is that there was a variance between the indictment and proof with respect to the quantity of the drug contained in the

---

[1] 26 U.S.C.A. Int.Rev.Code §§ 2554(a), 2553(a).

[2] 21 U.S.C.A. § 174.

mixture sold by the defendant to the government's witness. The indictment stated that the mixture contained 8,301 grains, the proof showed that it contained only 58.5 grains. It appeared that appellant was defrauding his illicit customers. Such a variance is not fatal. In Berger v. United States,[3] the Supreme Court said:

"The true inquiry, therefore, is not whether there has been a variance in proof, but whether there has been such a variance as to 'affect the substantial rights' of the accused. The general rule that allegations and proof must correspond is based upon the obvious requirements (1) that the accused shall be definitely informed as to the charges against him, so that he may be enabled to present his defense and not be taken by surprise by the evidence offered at the trial; and (2) that he may be protected against another prosecution for the same offense. Bennett v. United States, 227 U.S. 333, 338, 33 S.Ct. 288, 57 L.Ed. 531; Harrison v. United States [6 Cir.], 200 F. 662, 673; United States v. Wills [3 Cir.], 36 F.2d 855, 856-857. Cf. Hagner v. United States, 285 U.S. 427, 431-433, 52 S.Ct. 417, 76 L.Ed. 861.

"Evidently Congress intended by the amendment to section 269 to put an end to the too rigid application, sometimes made, of the rule that error being shown, prejudice must be presumed; and to establish the more reasonable rule that if, upon an examination of the entire record, substantial prejudice does not appear, the error must be regarded as harmless. See Haywood v. United States [7 Cir.], 268 F. 795, 798; Rich v. United States [8 Cir.], 271 F. 566, 569-570."

The variance in this case caused no substantial prejudice to the defendant and, therefore, must be regarded as harmless. The cases cited by appellant[4] adopting the more rigid tests in defining the rule against variance have been overruled by the opinion in Berger v. United States.

■ The second ground for reversal is based on failure to show sufficient contin-uity of possession in the agents of the government, from the time that the drugs were seized to their introduction at the trial, to properly identify them. This alleged error is based on some confusion in the testimony as to which government agent handed the envelope containing the drugs to the chemist to testify about them. The record, however, raises no suspicion that the evidence had been tampered with or that anyone other than a government agent, with proper authority, ever had possession. The evidence was sufficient to identify the drugs.

■ The third ground for reversal is based on the argument that the indictment charged that the sale of the drugs was "not in pursuance of a written order issued by the Commissioner of Internal Revenue" whereas the actual authority to issue the order was in the Commissioner of Narcotics. We have considered this argument, and while it appears that the power to prescribe order forms has been delegated to the Commissioner of Narcotics, we are satisfied that the power to issue such forms is vested in the Commissioner of Internal Revenue.[5] Therefore, the charge in the indictment was proper.

■ Further, there was uncontradicted testimony that no order form of any type passed between the defendant and the purchaser. There is no possibility that the defendant did not know the nature and character of the offense charged, or that he was misled or handicapped in preparing his defense by the alleged misdescription of the Treasury subordinate authorized to issue the narcotic order. There is also no possibility that the alleged erroneous description could subject the appellant to another trial for the same offense. We think that the principle applied in Berger v. United States with respect to a variance between the indictment and proof is equally applicable to a technical error in the indictment, and that some actual prejudice to the defendant would have to be shown in order to justify reversal of a conviction on the ground of such an error.[6]

---

[3] 1935, 295 U.S. 78, 82, 55 S.Ct. 629, 630, 79 L.Ed. 1314.

[4] For example, Guilbeau v. United States, 5 Cir., 1923, 288 F. 731.

[5] Nailling v. United States, 6 Cir., 1942, 142 F.2d 551. Act of Dec. 17, 1914, 38 Stat. 785, 26 U.S.C.A. Int.Rev.Code § 2550 et seq., 3220 et seq.; Act of March 3, 1927, § 4, 44 Stat. 1381, 5 U.S.C.A. § 281c; Treas. Dec. No. 3999, March 18, 1927; Prohibition Treas. Dec. No. 1, §§ VI, (1), (d) and VIII, April 1, 1927; Treas. Dec. No. 2 (Narcotics) Part V, July 1, 1930; Act of Feb. 10, 1939, 53 Stat. 1, 26 U.S.C.A. Int.Rev.Code, §§ 2554(a), 2606; Treas. Dec. No. 4884, Feb. 11, 1939.

[6] Query whether the per curiam decision in Fleisher v. United States, 1937, 302 U.S. 218, 58 S.Ct. 148, 82 L.Ed. 208,

The fourth point raised by appellant is that the court erroneously admitted in evidence, over the objection of the defendant, drugs obtained by an illegal searching and seizure. The record shows sufficient evidence to identify the drugs as having been in the possession of the defendant. He threw them on top of a shed on adjoining property after the government agents had entered the house without a warrant. The government contends that since they were found on other property appellant has no standing to object to their seizure.

■ We need not decide this question because the appellant did not move before the trial for the suppression of this evidence or explain his failure to do so.[7]

We have considered the other grounds for reversal relied on by appellant and find them to be without merit.

Affirmed.

---

limits the above well-settled rule. Despite the apparent applicability of the Berger case to the facts of the Fleisher case, the government confessed error in the latter case, and no reasons given in that case indicate a narrowing of the general principle. We can discover no cases attempting to reconcile the apparent conflict.

[7] Bennett v. United States, 1939, 70 App.D.C. 76, 104 F.2d 209; see Segurola v. United States, 1927, 275 U.S. 106, 48 S.Ct. 77, 72 L.Ed. 186.

In the Bennett case on rehearing the government conceded that it was the established practice of the trial judge who heard the case not to allow the question of illegal searches and seizures to be argued prior to the trial and that he would have enforced the practice in that case even if the appellant had made the appropriate motion. We assume that the practice referred to in the opinion on rehearing no longer exists, and that the trial courts in the District of Columbia are following the laws laid down by the Supreme Court in the Segurola case.