**UNITED STATES of America, Appellee,**

v.

**Antonio WANTON, Appellant.**

**No. 500, Docket 31172.**

United States Court of Appeals Second Circuit.

Argued June 13, 1967.

Decided July 14, 1967.

Gustave A. Gerber, New York City, for appellant.

Charles P. Sifton, Asst. U. S. Atty. (Robert M. Morgenthau, U. S. Atty. for Southern Dist. of New York, Michael W. Mitchell, John A. Stichter, Asst. U. S. Attys., on the brief), for appellee.

Before HAYS and FEINBERG, Circuit Judges, and McLEAN, District Judge.*

McLEAN, District Judge.

In May 1965, Israel Cotto Vallejo and Antonio Wanton, the present appellant, were indicted in a five-count indictment. The first count charged both defendants with conspiracy to violate the narcotics laws. The second count charged Vallejo with selling, dispensing and distributing cocaine which was not in the original stamped package, in violation of 26 U.S. C. § 4704(a) and companion sections. The third count charged him with receiving, concealing and facilitating the transportation and concealment of cocaine in violation of 21 U.S.C. §§ 173 and 174. The fourth and fifth counts made similar charges, respectively, against Wanton.

The trial judge dismissed the conspiracy count at the close of the govern-

* Of the Southern District of New York, sitting by designation.

ment's case. The jury convicted Vallejo on counts 2 and 3 and Wanton on counts 4 and 5. Appellant was sentenced to imprisonment for two years on count 4 and five years on count 5, the sentences to run concurrently.

Vallejo took a separate appeal. This court affirmed his conviction in open court. United States v. Vallejo, Docket No. 31172 (2d Cir. May 3, 1967).

Appellant's principal contention is that the government failed to make a prima facie showing that he possessed cocaine and that therefore his motion for a directed verdict of not guilty should have been granted. For the reasons stated hereinafter, we reject this contention and affirm the judgment.

The evidence which gives rise to this claim may be briefly summarized. In the early morning hours of Sunday, September 21, 1964, a federal narcotics agent observed Vallejo and Wanton standing on the corner of 82nd Street and Broadway. As he approached them, he saw Vallejo drop six tinfoil packages to the sidewalk. He saw Wanton drop one tinfoil package. As the two men moved away, the agent arrested both. He then picked up the seven tinfoil packages from the sidewalk. Each contained a white powder. None bore a tax stamp.

The agent emptied the contents of six packages into a "substitute container," i. e., a glassine envelope. He emptied the contents of the seventh package into another glassine envelope.

A government chemist analyzed the contents of each envelope. He testified that the contents of the envelope which contained the larger quantity of white powder weighed 3.2 grams and contained 30.1 per cent cocaine. He said that the contents of the other envelope weighed .86 grams and also contained cocaine. He did not determine the percentage of cocaine in the .86 grams. The chemist also testified that "the exhibits," by which he presumably meant both batches of powder, also contained sugar and mannitol.

The problem arises from the fact that the seven tinfoil packages all looked alike. The agent was unable to specify which one of the seven had been dropped by Wanton. He arbitrarily assumed that the package, the contents of which turned out to weigh .86 grams, was the one which Wanton had possessed. Counts 4 and 5 of the indictment against Wanton proceeded on this hypothesis. Each count referred to "approximately 860 miligrams" (i. e., .86 grams) of cocaine hydrochloride.

The trial judge ruled that the glassine envelope containing the .86 grams of powder could not be admitted separately against Wanton because there was no proof that this envelope contained the contents of the particular tinfoil package which Wanton had possessed. He solved the difficulty by admitting both glassine envelopes, i. e., the contents of all seven packages, against Wanton and against Vallejo as well.

Wanton and Vallejo each took the witness stand. Each testified that he did not possess or drop to the sidewalk any tinfoil packages whatsoever.

The trial judge charged the jury that the government had the burden of proving beyond a reasonable doubt as to each defendant, and as to each count, that he knowingly possessed a narcotic drug. He charged further that if the jury found that a defendant did not knowingly possess cocaine, it must acquit him. Appellant's counsel took no exception to the court's charge.

■ The jury was of course entitled to believe the testimony of the narcotics agent that Wanton had in fact possessed and discarded one tinfoil package which contained a white powder, and that Vallejo had possessed and discarded six tinfoil packages which also contained a white powder. It was likewise entitled to believe the uncontradicted testimony of the chemist that all the powder contained cocaine. But since it could not be said that the .86 gram package was Wanton's it may be that this package was

one of Vallejo's and that Wanton's one package was merged with five of Vallejo's to make up the larger batch of powder. Since the larger batch contained sugar and mannitol (a non-narcotic substance), in an unspecified amount, the argument is made that the government's proof was insufficient because Wanton's package might have contained only sugar or mannitol and no cocaine. Such a circumstance seems to us so unlikely as to be almost inconceivable. It would at least have more plausibility if Wanton had testified that he happened to be carrying around that night a package of sugar or of mannitol, or both, and that this is what he discarded when the officer approached. But Wanton's version was that he possessed no package at all and discarded nothing.

The question could have been avoided if the narcotics agent had taken the trouble to pour the contents of each tinfoil package into a separate glassine envelope, so that the chemist could have separately analyzed each. Nevertheless, we are satisfied that his failure to do so was not fatal. The course followed by the trial judge was correct. He properly left it to the jury to determine whether Wanton possessed cocaine or not. The jury's verdict is conclusive.

Of course, since Wanton's particular package cannot be identified, there is no assurance that his package actually contained .86 grams of cocaine as the indictment alleges. It might have contained more or less. This makes no difference, as long as the evidence was sufficient, as it was here, to sustain the jury's verdict that Wanton's package contained cocaine in some amount. A variance as to quantity between the indictment and the proof is not fatal.

See Cromer v. United States, 78 U.S. App.D.C. 400, 142 F.2d 697 (1944), cert. denied, 322 U.S. 760, 64 S.Ct. 1274, 88 L.Ed. 1588 (1944).

We have considered appellant's other contentions and find them to be without merit.

The judgment is affirmed.