**John Lowell HANNAH, John Jerald Hannah, and Billy Arch Hardaway, Appellants,**

v.

**UNITED STATES of America, Appellee.**

**No. 24982.**

United States Court of Appeals
Fifth Circuit.

May 2, 1968.

Rehearing En Banc Denied
June 11, 1968.

Certiorari Denied Oct. 14, 1968.

See 89 S.Ct. 122.

Joe Stamper, Jerry Otis, Antlers, Okl., for appellants.

Patrick H. Mulloy, Jr., Asst. U. S. Atty., Dallas, Tex., Melvin M. Diggs, U. S. Atty., James F. Gaulding, Asst. Regional Counsel Internal Revenue Service, Dallas, Tex., for appellee.

Before RIVES, BELL and GOLDBERG, Circuit Judges.

PER CURIAM:

The appeal is from judgments of conviction of the three appellants, defendants on two counts of an indictment. The first count charged them with knowingly and unlawfully possessing and transporting 750 gallons of distilled spirits in violation of 26 U.S.C. 5205(a)(2) and 5604(a)(1). The second count charged them with knowingly removing 750 gallons of distilled spirits, on which the tax had not been paid or determined, from the place of manufacture or storage in violation of 26 U.S.C. 5601(a)(12). The only contention on appeal is that the district court erred in denying the defendants' motions for a judgment of acquittal as to each defendant solely

on the ground that as a matter of law each defendant was entrapped.

 The district court submitted to the jury the issue of entrapment on instructions, to which the defendants did not and do not object. We adhere to the following holding in Kivette v. United States, 5 Cir. 1956, 230 F.2d 749, 754:

> "The question whether a defendant was lured by the agent into crime or was merely afforded an apparently safe opportunity to commit it is one of fact for the jury to decide. As analyzed by Judge Learned Hand:
>
> > 'Therefore in such cases two questions of fact arise: (1) did the agent induce the accused to commit the offense charged in the indictment; (2) if so, was the accused ready and willing without persuasion and was he awaiting any propitious opportunity to commit the offence. On the first question the accused has the burden; on the second the prosecution has it.' United States v. Sherman, 2 Cir., 200 F.2d 880, 882–883."

 We hold as to each defendant that on both of such questions of fact the issue was for the jury. On the second question especially there was abundant evidence from which the jury could find that each of the defendants was ready and willing without persuasion and was simply awaiting any propitious opportunity to commit the offenses. No error appearing, the judgments of conviction are

Affirmed.

## ON PETITION FOR REHEARING EN BANC

**PER CURIAM:**

The Petition for Rehearing is denied and no member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc, Rule 25(a), subpar. (b), the Petition for Rehearing En Banc is denied.