**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**George Houk MANN, Defendant-
Appellant.**

**No. 29427
Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

Sept. 29, 1970.

* [1] Rule 18, 5th Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir., 1970, 431 F. 2d 409, Part I.

**54**

Roland H. Hill, Jr., Fort Worth, Tex., for defendant-appellant.

Eldon B. Mahon, U. S. Atty., W. E. Smith, Asst. U. S. Atty., Fort Worth, Tex., for plaintiff-appellee.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

PER CURIAM:

Appellant, George Houk Mann, appeals from a judgment of conviction following a trial by jury on five counts of unlawful sale of heroin in violation of 26 U.S. C. §§ 4704(a) and 4705(a). We reject his three contentions and affirm the conviction.[1]

We begin by reciting the facts relevant to appellant's contentions. In June of 1968 appellant made three separate unlawful sales of heroin to a federal agent who was introduced to him by an informer-addict in the government's employ. He was apprehended and indicted. The indictment charged that unlawful sales of heroin hydrochloride were made on the three separate occasions in the quantities of "approximately 1.638 grams", "approximately 1.797 grams", and "approximately 1.815 grams." The proof at trial showed that appellant had made sales of bits of evidence of the indicated weight, but that the substance sold was diluted to 16% pure heroin. Prior to trial he entered a plea of not guilty on all five counts. On the day of his trial he expressed a desire to plead guilty on the first two counts. After being re-arraigned on these counts, his guilty plea was not accepted by the court. The jury was then sworn, the entire indictment was read and appellant again entered a plea of not guilty. Prior to this time, appellant's counsel had stated to the court that he had a copy of the indictment and that he had discussed it carefully with appellant. He was found guilty on each count by the jury.

Appellant first argues that there is a fatal variance between the allegations of the indictment and the proof presented with respect to the amounts of heroin sold, requiring a reversal. There is no merit in this contention. Not every variance between the allegations of an indictment and the proof

---

1. The appellant has been before this court on a prior occasion, sub nom. United States v. Martin, 425 F.2d 268 (5th Cir. 1970).

adduced at trial requires reversal. The real question is whether there has been a variance which prejudices the substantial rights of the accused. The alleged variance was not of the character which could have misled the appellant; no elements of surprise are involved; and the indictment fully informed him of the specific charges against him. He is fully protected from any other prosecution for the same offense.[2]

In his second specification of error appellant contends that the record does not reflect an arraignment as to counts 3, 4 and 5. Quite to the contrary, the record shows full compliance with the provisions of Rule 10 of the F.R.Cr.P.[3] Moreover, his counsel announced ready for trial and no question was raised at the trial about the sufficiency of the arraignment.

■ Finally appellant makes vague objections to the court's charge on the subject of entrapment and asserts that the evidence shows that he was entrapped. Counsel forthrightly admits that the charge was "essentially correct" and that he did not object to the charge after being afforded ample opportunity to do so. The record shows that counsel for appellant stated that he had no objections to the charge. The court's instructions were full and complete on the entrapment issue. Moreover, the record clearly demonstrates that the defendant was not entrapped but that he committed the offense charged freely and willingly without persuasion or inducement.[4]

Affirmed.

2. Berger v. United States, 295 U.S. 78, 82, 55 S.Ct. 629, 79 L.Ed. 1314 (1935). Accord: United States v. Wanton, 380 F.2d 792 (2d Cir. 1967); United States v. Mills, 366 F.2d 512 (6th Cir. 1966); Arnold v. United States, 336 F.2d 347 (9th Cir. 1964).; Cromer v. United States, 78 U.S.App.D.C. 400, 142 F.2d 697 (1944).

3. Arraignment shall be conducted in open court and shall consist of reading the indictment or information to the defendant or stating to him the substance of the charge and calling on him to plead thereto. He shall be given a copy of the indictment or information before he is called upon to plead.

4. Lopez v. United States, 373 U.S. 427, 436, 83 S.Ct. 1381, 10 L.Ed.2d 462 (1963); Hannah v. United States, 396 F.2d 785 (5th Cir. 1968); Fed.R.Crim. P. 30.