UNITED STATES of America,
Plaintiff-Appellee,

v.

Darry K. HARRINGTON,
Defendant-Appellant.

No. 76–2725
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Dec. 13, 1976.

---

* Rule 18, 5 Cir., *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

Hugh Cotney, Jacksonville, Fla. (Court-appointed), for defendant-appellant.

John L. Briggs, U. S. Atty., Ernst D. Mueller, Asst. U. S. Atty., Jacksonville, Fla., for plaintiff-appellee.

Before BROWN, Chief Judge, and GEWIN and MORGAN, Circuit Judges.

PER CURIAM:

Appellant, Darry K. Harrington, was convicted at a jury trial on two counts of conspiracy to distribute and possession with intent to distribute approximately 27.5 grams of phencyclidine base, a schedule III controlled substance in violation of 21 U.S.C. §§ 841(a)(1), 846, and 18 U.S.C. § 2.

On the instant appeal; appellant argues (1) that the unexplained delay of nine months from the commission of the offenses (May 15, 1975) and his arrest (February 9, 1976) violated rights guaranteed by the Fifth and Sixth Amendments, (2) there was insufficient evidence to prove that the drug offered into evidence was phencyclidine base and (3) that the prosecutor's comment on appellant's failure to present evidence constituted reversible error. For the reasons stated below we disagree and affirm appellant's conviction.

Respecting the speedy trial issue the pertinent facts in this case are as follows. The sale in question here took place on May 15, 1975, in Jacksonville, Florida, with a confidential informant and undercover agents present. In October of 1975 appellant allegedly left the Jacksonville area and established residence in Alabama. The indictment was returned in Jacksonville, Florida, on January 16, 1976, and appellant was arrested in Alabama on February 9, 1976. He was tried on May 17 and 18, 1976. Before trial appellant filed several motions including a motion to dismiss for failure to grant a speedy trial.

■ Appellant argues that the unnecessary delay unduly prejudiced him. There is no merit to this point. The Sixth Amendment right to speedy trial accrues only when a defendant becomes an accused, either through arrest, indictment, or information. Absent a showing of substantial actual prejudice amounting to a Fifth Amendment denial of due process the commencement of prosecution is controlled exclusively by the applicable statute of limitations. *United States v. Marion,* 1971, 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468; *United States v. Davis,* 5 Cir. 1973, 487 F.2d 112, certiorari denied 1974, 415 U.S. 981, 94 S.Ct. 1573, 39 L.Ed.2d 878. *United States v. Broadway,* 5 Cir. 1973, 477 F.2d 991. Appellant's bald allegation of prejudice because time passed before his indictment is insufficient to show prejudice. Appellant has adduced no evidence to show damage to present a defense because of the pre-arrest delay. Appellant was investigated until September, 1975, and the indictment was returned in January, 1976. This is not an inordinate length of time. We have considered the case of *Ross v. United States,* 1965, 121 U.S.App.D.C. 233, 349 F.2d 210, and without indicating approval or disapproval of it, we find it can be distinguished from our case. While it is true that Ross's conviction was overturned due to a seven month's delay between the alleged crime and his arrest, the court did not base its reversal on that fact alone. It cited the fact that his conviction resulted from the testimony of only one person, a police officer who couldn't even remember what transpired unaided by his notes. Ross asserted that he had no memory of the date

in question. The case against Harrington had much more substance than the case against Ross.

As regards the delay between the indictment (January 16, 1976) and the trial (May 17 to 18, 1976), we apply the fourfold test of *Barker v. Wingo*, 1972, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 in determining whether Sixth Amendment rights to a speedy trial were violated. The defendant has not met any of the tests specified in *Barker, supra*.

The elapsed time between the indictment and the trial was four months. In the circumstances of this case the modest delay of four months does not constitute an unreasonable delay. The delay here was partially caused by appellant and in any event the delay is insignificant time wise. Appellant had already moved to Alabama at the time the indictment was returned in Jacksonville, Florida. It took time to locate the appellant. There were several pretrial motions, including a motion for a speedy trial, filed by appellant as well as a discovery hearing and a pretrial conference.

We have examined appellant's claim of prejudice caused by the delay in this case. We note that Harrington spent only eighteen days in jail as a result of the charges here. Consequently, there was no oppressive incarceration. Appellant presented no defense and never indicated that there would have been evidence presented had the case come to trial sooner. Appellant's claim of prejudice resulting from delay is insubstantial. No loss of a key defense witness or other substantial prejudice is shown.

Appellant next contends that there was insufficient evidence introduced to prove the drug offered into evidence was phencyclidine base as charged in the indictment. To support this contention Harrington relies on the testimony of the government chemist who stated that substance seized contained phencyclidine. We find no variance between the substance alleged and the substance proved at trial. The Comprehensive Drug Abuse Prevention and Control Act of 1970, 21 U.S.C. § 812, specifically defines any material, compound, mixture, or preparation of phencyclidine as a schedule III controlled substance. Phencyclidine base is a chemical compound which contains phencyclidine. Since the testimony of the government witness indicates that phencyclidine was contained in the phencyclidine base, it is clear that defendant possessed both substances. See *Cromer v. United States*, 1944, 78 U.S.App.D.C. 400, 142 F.2d 697, certiorari denied, 322 U.S. 760, 64 S.Ct. 1274, 88 L.Ed. 1588 (1944). Here defendant's rights were not substantially affected as the evidence shows he was aware of the nature of the substance he possessed. *Berger v. United States*, 295 U.S. 78, 55 S.Ct. 629, 79 L.Ed. 1314 (1935); *United States v. Moser*, 7 Cir. 1975, 509 F.2d 1089.

Lastly, a question is presented as to whether the prosecution's rebuttal argument, that the defense as well as the government could have called the confidential informant, constituted an impermissible comment on appellant's exercise of his right to refrain from testifying. This comment was responsive to the defense's inquiry to the jury as to where was the confidential informant. Immediately following the prosecution's statement in question here, the jury was instructed to disregard the comment and was amply instructed on the defendant's rights at trial and that it was the government that had the burden to prove guilt beyond a reasonable doubt and that the jury was required to make its decision from what was presented in evidence. We find that if any prejudice was caused by the government's statement, it was subsequently corrected by the charge to the jury. *United States v. Bursten*, 5 Cir. 1971, 453 F.2d 605, certiorari denied, 409 U.S. 843, 93 S.Ct. 44, 34 L.Ed.2d 83 (1972). *United States v. Barfield*, 5 Cir. 1976, 527 F.2d 858.

AFFIRMED.