Robert GRENE, Appellant,

v.

UNITED STATES of America, Appellee.

No. 23382.

United States Court of Appeals Fifth Circuit.

May 13, 1966.

B. Guerry Moore, Washington, D. C., for appellant.

Lloyd G. Bates, Jr., Asst. U. S. Atty., Michael J. Osman, Asst. U. S. Atty., William A. Meadows, Jr., U. S. Atty., Miami, Fla, for appellee.

Before WISDOM and COLEMAN, Circuit Judges, and HUGHES, District Judge.

PER CURIAM:

Appellant moved to vacate sentence under 28 U.S.C.A. § 2255. The district court denied relief. We affirm.

The motion asserted that the "indictment did not inform your petitioner of the nature and substance of the charge".

---

The basis for this contention is that there was a fatal variance between allegations and proof, with a resulting failure to inform, which should have entitled appellant to a directed verdict of not guilty.

 We agree that the failure of an indictment to inform the defendant of the nature and cause of the accusation is a defect which may be remedied by a § 2255 proceeding, Lauer v. United States, 7 Cir., 1963, 320 F.2d 187.

 This Court, however, has already reviewed this case on its merits. We then held that "[t]here was ample evidence as to each of the appellants to sustain the verdict of the jury and judgments of conviction", Napoli v. United States, 1965, 341 F.2d 916, cert. den. Grene v. United States, 382 U.S. 823, 86 S.Ct. 52, 15 L.Ed.2d 68. Thus the sufficiency of the proof, or any possibility of fatal variance therein, has already been settled by the usual appellate process.

In his memorandum of points and authorities, appellant contends that the indictment was so obviously defective as not to charge an offense under any reasonable construction, citing Walker v. United States, 7 Cir., 218 F.2d 80, and Klein v. United States, 7 Cir., 204 F.2d 513.

 We agree that if an indictment is so defective that under any reasonable construction it does not charge a criminal offense relief may be obtained under § 2255. Huizar v. United States, 5 Cir., 1964, 339 F.2d 173, cert. den. 380 U.S. 959, 85 S.Ct. 1099, 13 L.Ed.2d 975; Lauer v. United States, 7 Cir., 1963, 320 F.2d 187.

 The opinions in these cases, however, very carefully point out that unless there is such a defect in the face of the indictment validity cannot be questioned by motion to vacate. See also Williams v. United States, 8 Cir., 1965, 344 F.2d 264.

We have obtained and carefully examined the indictment as it appears in the original appellate record. It was in the exact language of the statutes, §§ 371 and 2314, Title 18, United States Code. Since this is true, we do not consider it necessary to recopy the charges here. They were correctly and adequately stated.

Affirmed.