UNITED STATES of America, Plaintiff,

v.

Luis MAINIERI, et al., Defendants.

No. 87–959–CR.

United States District Court,
S.D. Florida.

Aug. 10, 1988.

William P. Cagney, III, Miami, Fla., for defendants.

Kathleen M. Williams and Eric Dubelier, Asst. U.S. Attys., Miami, Fla., for U.S.

## MEMORANDUM OPINION

SCOTT, District Judge.

Luis Mainieri presents a Motion to Dismiss the Indictment for Constitutional Vagueness and Failure to State with Sufficient Specificity the Charged Offenses. Separate Motions to Dismiss Count I and II as Multiplicious and for a Bill of Particulars have also been filed. The Government opposes these motions.

### I.

In October, 1987, Metro–Dade Detectives observed Luis Mainieri and other defendants enter empty handed, an apartment in Southwest Miami. Later one of the other defendants was seen exiting the apartment with a shoe box. An investigatory stop by detectives of the defendant's vehicle led to an allegedly consensual search of the vehicle which revealed nearly $49,000 of U.S. currency. Returning to the apartment, Metro–Dade Police sought to ask Mainieri some questions concerning the discovered money. Mainieri and his father, who was also in the apartment at the time, attempted to eject the police officer from the doorway allegedly committing a battery upon him. Other officers joined in an arrest of the Mainieris for battery. During the arrest more currency was discovered. Additionally, ledgers were found demonstrating cocaine transactions totaling over 1000 kilo-

grams and the processing of millions of dollars.

On December 22, 1987 Luis Mainieri was indicted on three counts: (I) Conspiring to violate 21 U.S.C. § 841(a)(1), aiding and abetting others to possess a quantity of cocaine in excess of 1000 kilograms and aiding and abetting its distribution by providing a money laundering service in violation of 21 U.S.C. § 846; (II) Conspiring to violate 18 U.S.C. § 1956, conducting a financial transaction which involved the proceeds of the importation, sale and distribution of cocaine in violation of 18 U.S.C. § 371; and (III) Conducting and attempting to conduct a financial transaction which involved the proceeds of the importation, sale and distribution of cocaine in violation of 18 U.S.C. §§ 1956 and 2.

## II.

■ The Sixth Amendment guarantees every defendant the right to be informed of the government's accusation against him. *Russell v. United States*, 369 U.S. 749, 761, 82 S.Ct. 1038, 1045, 8 L.Ed.2d 240 (1962). The accusation must be legally sufficient, i.e., it must assert facts which in law amount to an offense and which, if proved, would establish prima facie the accused's commission of that offense. *Fleisher v. United States*, 302 U.S. 218, 58 S.Ct. 148, 82 L.Ed. 208 (1937). As Fed.R.Crim.P. 7(c) provides, an indictment must be a "plain, concise and definite written statement of the essential facts constituting the offense charged." In *United States v. Gordon*, 780 F.2d 1165 (5th Cir.1986), the Court of Appeals for the Fifth Circuit used a three pronged test to determine the sufficiency of an indictment. The first arm of this test states that an indictment is sufficient if it contains the elements of the offense charged. The test is not whether an indictment might have been drawn with greater exactitude, but whether it conformed to minimal constitutional standards. *United States v. Silverman*, 745 F.2d 1386, 1393 (11th Cir.1984).

The indictment in the instant case closely tracks the language of 18 U.S.C. § 371, 18 U.S.C. § 1956 and 21 U.S.C. § 846 as well

as 18 U.S.C. § 2. Under *Grene v. United States*, 360 F.2d 585, 586 (5th Cir.1966), *per curiam, cert. denied*, 385 U.S. 978, 87 S.Ct. 522, 17 L.Ed.2d 440 (1966), an indictment tracking the language of the statute is sufficient to charge a violation of 18 U.S.C. § 371. Although Count I charges an offense under a different statute, the first two counts are similar enough in nature that this Court finds that an indictment which tracks the language of 21 U.S.C. § 846 is sufficient to charge an offense thereunder.

■ A defendant's constitutional right to know the offense with which he is charged must be distinguished from the defendant's need to know the evidentiary details establishing the facts of such offense which may be satisfied by a bill of particulars. *See, United States v. Freeman*, 619 F.2d 1112, 1118 (5th Cir.1980). In this case also, discovery is available toward this end. Moreover, all three counts charge the code sections allegedly violated; the date, place, object of the conspiracies; the manner and means of the financial transaction; and other individuals involved in the acts. Measured against the above standards, the indictment in this case is plainly sufficient to detail the three counts charged.

## III.

■ Next, we must consider the necessity of a bill of particulars. The purpose of a bill of particulars is "to inform an accused of the charge with sufficient precision to reduce trial surprise, to enable adequate defense preparation, and critically, by fleshing out of the charges to illuminate the dimensions of jeopardy." *United States v. Davis*, 582 F.2d 947, 951 (5th Cir.1978). Having determined that this purpose has been accomplished adequately by the indictment and discovery provided to the defendant, the Court is well within its broad discretion to deny defendant's Motion for a Bill of Particulars. We do so.

## IV.

■ Defendant makes a facial challenge to 18 U.S.C. § 1956, the "money laundering statute," for constitutional vagueness.

The Supreme Court has held that a party will only have standing to make a facial challenge to a statute if "no standard of conduct is specified at all," *Parker v. Levy,* 417 U.S. 733, 755–757, 94 S.Ct. 2547, 2561–62, 41 L.Ed.2d 439 (1974); and if the statute "is impermissibly vague in all its applications." *Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.,* 455 U.S. 489, 494–495, 102 S.Ct. 1186, 1191, 71 L.Ed. 2d 362 (1982). Further, "a plaintiff who engages in some conduct that is clearly proscribed cannot complain of the vagueness of the law as applied to the conduct of others." *Id.* The Supreme Court has held that "[v]oid for vagueness simply means that criminal responsibility should not attach where one could not reasonably understand that his contemplated conduct is proscribed. In determining the sufficiency of the notice, a statute must of necessity be examined in the light of the conduct with which a defendant is charged." *Parker v. Levy, supra,* 417 U.S. at 733, 757, 94 S.Ct. at 2547, 2562.

Title 18 U.S.C. § 1956 does not implicate any constitutionally protected conduct, such as free speech, therefore, the "as applied" standard set forth in *Hoffman Estates* controls. Defendant's conduct, the laundering of money derived from narcotics trafficking as alleged in the indictment, is precisely the type of conduct proscribed by the statute. Thus, we reject this challenge to the statute.

■ We find also that the term "proceeds" is clear in the context of the money laundering statute. Individuals who engage in financial transactions concealing the narcotics source of the money are clearly put on notice by the unambiguous wording of Section 1956.

## V.

■ Finally, defendant seeks to dismiss Counts I and II as multiplicious. In the alternative, Defendant would have the Court dismiss one of the counts because the proofs merge. As it is plain that sufficient facts are alleged for at least one of the conspiracy indictments to stand, we will only consider the latter request. It has long been established that conspiracy is a separately indictable and punishable crime. Under the early common law a conspiracy, which constituted a misdemeanor, was said to merge with the completed felony which was its object. *See Commonwealth v. Kingsbury,* 5 Mass. 106 (1809). This rule was based upon significant procedural distinctions between misdemeanors and felonies. *King v. Westbeer,* 1 Leach 12, 15, 168 Eng.Rep. 108, 110 (1739). Therefore, no conviction was permitted of a constituent misdemeanor upon an indictment for a felony. Since these procedural technicalities have been abolished, so has the concept of merger lost significance. *Pinkerton v. United States,* 328 U.S. 640, 66 S.Ct. 1180, 90 L.Ed. 1489 (1946). Thus, in modern criminal law the distinctiveness between a substantive offense as money laundering and a conspiracy to commit money laundering is a postulate of law. "It has been long and consistently recognized by the Court that the commission of the substantive offense and a conspiracy to commit it are separate and distinct offenses." *Id.* at 643, 66 S.Ct. at 1182. *See, Pinkerton, supra,* and *Callanan v. United States,* 364 U.S. 587, 81 S.Ct. 321, 5 L.Ed.2d 312 (1961), (holding conspiracy to obstruct interstate commerce and obstruction of interstate commerce and separate offenses and are separately punishable).

The above discussion demonstrates that Counts II and III properly charge defendant with separate offenses, to wit: money laundering and conspiring to do so. The first count of the indictment separately and properly charges Defendant with conspiring to aid and abet others in the possession and distribution of cocaine. In this Circuit, it is well established that a single conspiracy, in itself one criminal act, may violate two distinct conspiracy laws and Congress may choose to punish each offense without offending the double jeopardy clause. *See United States v. Houltin,* 525 F.2d 943, 950–951 (5th Cir.1976). In *United States v. Nelson,* 599 F.2d 714 (5th Cir.1979), the double jeopardy clause was found not to preclude prosecution for both aiding and abetting and conspiracy. This is true de-

**1398**

spite overlaps in evidence used to establish elements of the two offenses. *See United States v. Martino,* 648 F.2d 367 (5th Cir. 1981); *United States v. Cowart,* 595 F.2d 1023 (5th Cir.1979). In light of the relevant case law, we conclude that Counts I and II are not multiplicious in violation of the fifth amendment.

Accordingly, it is ORDERED and ADJUDGED,

1. Defendant's Motion to Dismiss the Indictment for Constitutional Vagueness and Insufficiency is DENIED.

2. Defendant's Motion to Dismiss Counts I and II as Multiplicious is DENIED.

3. Defendant's Motion for a Bill of Particulars is DENIED.