951 F.2d 353
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Dimostenis ZAMBAFTIS, a/k/a Danny Zambaftis, Defendant-Appellant.
 No. 90-1257.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 6, 1991.
Decided Dec. 26, 1991.
As Amended Dec. 30, 1991.
 
 Before CUMMINGS, CUDAHY and KANNE, Circuit Judges.
 
 ORDER
 
 1
 A jury found Danny Zambaftis guilty on one count of conspiracy to distribute cocaine in violation of 21 U.S.C. § 846 and one count of aiding and abetting the distribution of cocaine in violation of 21 U.S.C. § 841(a)(1). On appeal Zambaftis's appointed counsel filed a motion to withdraw, believing that any appeal would be frivolous. See Anders v. California, 386 U.S. 738 (1967); United States v. Scherl, 923 F.2d 64 (7th Cir.), cert. denied, 111 S.Ct. 2272 (1991). Pursuant to Circuit Rule 51(a), we notified Zambaftis of his counsel's motion and his right to respond. Zambaftis did not respond. Finding no meritorious issue for appeal, we grant the motion to withdraw and dismiss the appeal as frivolous.
 
 
 2
 Zambaftis's counsel identified several potential issues for appeal. First, counsel suggests that the government failed to lay a proper foundation for the district court to admit into evidence the tape recordings of Ronnie Owen's telephone conversations with Zambaftis and his brother, Steven. But Owen's testimony established that the tape recordings were true, accurate and authentic recordings of the actual conversations he had with the brothers and supplied a sufficient foundation for the admission of the tapes. See United States v. Zambrana, 841 F.2d 1320, 1338 (7th Cir.1988); see also United States v. Carrasco, 887 F.2d 794, 803 (7th Cir.1989).
 
 
 3
 Second, counsel suggests an impropriety in the jurors' use of written transcripts of the tapes. "[C]ourts possess wide discretion in determining whether to permit the jury to use written transcripts as aids in listening to tape recordings." United States v. Briscoe, 896 F.2d 1476, 1490 (7th Cir.) (quoting United States v. Keck, 773 F.2d 759, 766 (7th Cir.1985)), cert. denied, 111 S.Ct. 173 (1990). The district court specifically instructed the jury that the tapes were the sole evidence of the conversations; the transcripts were for purposes of assistance only; and in the event of a discrepancy, the tapes took precedence. We find no abuse of discretion there.
 
 
 4
 Third, counsel suggests that the government failed to establish the existence of a single overall conspiracy, as charged in the indictment, as well as Zambaftis's knowing participation in it. Counsel's argument is that the evidence adduced at trial demonstrated the existence of not one but several conspiracies, and that this variance between the charge in the indictment and the proof at trial required reversal of Zambaftis's conviction on the conspiracy count. However, "[a] single conspiracy exists [i]f there is one overall agreement among the various parties to perform different functions in order to carry out the objectives of the conspiracy. [Multiple] conspiracies exist when each of the conspirators' agreements has its own end, and each constitutes an end in itself." United States v. Gonzalez, 933 F.2d 417, 438 (7th Cir.1991) (citations omitted) (quoting United States v. Paiz, 905 F.2d 1014, 1020 (7th Cir.1990), cert. denied, 111 S.Ct. 1319 (1991)). The standard of review of a variance inquiry is whether the evidence was sufficient to support the jury's single conspiracy determination. Id. Viewing the proof at trial in the light most favorable to the government, we uphold the jury's determination "if any rational trier of fact could have found beyond a reasonable doubt the one conspiracy." Id. (quoting Paiz, 905 F.2d at 1019). The record shows that there existed an ongoing scheme involving Zambaftis, his brother and others to buy and sell cocaine between Chicago and Rockford, Illinois, and that Zambaftis participated in the scheme by supplying Jay Moore with cocaine on two separate occasions in October 1988 and by making a telephone call to Owens on March 1, 1989 to discuss a cocaine transaction. (Tr. I at 46-53; Tr. II at 234-39). Based on these facts, we conclude that a rational juror could find beyond a reasonable doubt Zambaftis's knowing participation in a single conspiracy to distribute cocaine.
 
 
 5
 Fourth, counsel suggests that the evidence was insufficient to support Zambaftis's conviction for aiding and abetting. The standard of review of a sufficiency inquiry is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979); see United States v. Muehlbauer, 892 F.2d 664, 666 (7th Cir.1990). "[A] person is guilty of aiding and abetting a crime if he encouraged or assisted another in committing the offense and intended to aid in the commission of the crime." United States v. Moya-Gomez, 860 F.2d 706, 761 (7th Cir.1988) (emphasis in original), cert. denied, 492 U.S. 908 (1989). The record shows that on March 1, 1989, Steven Zambaftis telephoned Owens in Rockford to discuss a cocaine transaction; during the conversation, Stavros said, "I just beeped my brother," and told Owens that he would drive either his car or his brother's to facilitate the transaction; following this call, Danny Zambaftis called Owens and asked if he could "come out by us" and do "we have to go all the way to Rockford to do this?"; Danny eventually told Owens, "We'll meet you there"; and later the same day, the police arrested Steven on the Illinois tollway en route to Rockford with 162 grams of cocaine in the car. (Tr. II at 227-33, 234-38, 362-68, 373-76). Based on these facts, we conclude that a reasonable juror could find beyond a reasonable doubt that Zambaftis aided and abetted the cocaine distribution scheme. We conclude further that Zambaftis's conviction posed no double jeopardy problem, because the conspiracy and aiding and abetting charge were separate punishable offenses. United States v. Sidener, 876 F.2d 1334, 1336-37 (7th Cir.1989); see United States v. Zafiro, No. 89-3520, slip op. at 2 (7th Cir. Sept. 26, 1991).
 
 
 6
 Fifth, counsel suggests error in the instructions given to the jury. At trial, Zambaftis made no objection to any of the jury instructions, so our review is limited to plain error. Fed.R.Crim.P. 52; see United States v. Reiswitz, 941 F.2d 488, 493 (7th Cir.1991). In light of the substantial evidence of Zambaftis's participation in the conspiracy, we perceive no such error.
 
 
 7
 Sixth, counsel suggests that the district court erred during sentencing when it denied Zambaftis a reduction in offense level for his acceptance of responsibility under Sentencing Guideline § 3E1.1. Section 3E1.1 provides a two-level reduction for a defendant who "clearly demonstrates a recognition and affirmative acceptance of personal responsibility for his criminal conduct." United States v. Knorr, 942 F.2d 1217, 1223 (7th Cir.1991) (quoting U.S.S.G. § 3E1.1). The district court's decision that a defendant has not accepted responsibility under § 3E1.1 is entitled to "great deference" and is reviewable only for clear error. Id. The district court determined that neither Zambaftis's cooperation with the probation officer nor his refusal to testify and perjure himself demonstrated acceptance of responsibility. We cannot say that this determination was clearly erroneous, and therefore the denial of the two-level reduction was proper.
 
 
 8
 Counsel also suggests that the district court erred in denying a downward departure for substantial assistance under § 5K1.1. But the government made no § 5K1.1 motion and, in its absence, the district court had no jurisdiction to depart. United States v. Fairchild, 940 F.2d 261, 266 (7th Cir.1991).*
 
 
 9
 Seventh, counsel suggests that Zambaftis had a right to be present when the jury requested trial transcripts and to comment on the district court's handwritten note in response. See Fed.R.Crim.P. 43; United States v. Widgery, 778 F.2d 325, 329 (7th Cir.1985). The record shows that the district court asked Zambaftis's attorney if he wanted to be called in the event the jury requested trial transcripts, and the attorney responded in the negative. (Tr. II at 460-61). Zambraftis thus waived his Rule 43 argument on appeal. See United States v. Shukitis, 877 F.2d 1322, 1330 (7th Cir.1989).
 
 
 10
 Finally, counsel suggests that Zambaftis received inadequate assistance from his trial attorney. However, the record fails to establish either deficient performance or actual prejudice as required by Strickland v. Washington, 466 U.S. 668 (1984).
 
 
 11
 Because there are no non-frivolous grounds for appeal in this case, counsel's motion to withdraw is GRANTED and the appeal is DISMISSED.
 
 
 
 *
 Counsel makes no suggestion that the government acted arbitrarily or in bad faith in refusing to make a § 5K1.1 motion, an issue currently pending before the Supreme Court in United States v. Wade, 936 F.2d 169 (4th Cir. 1990), cert. granted, 60 U.S.L.W. 3418 (U.S. Dec. 9, 1991) (No. 91-5771)