61 F.3d 905
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Virginia M. CAREY, Plaintiff/Appellant,
v.
ST. THERESA SCHOOL, St. Cornelius School and Catholic Bishop
of Chicago, Defendants/Appellees.
 No. 94-2859.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 6, 1995.*
Decided July 7, 1995.
Rehearing denied Aug. 9, 1995.
 
 Before BAUER, RIPPLE and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Virginia Carey filed an age discrimination suit in 1992 pursuant to the Age Discrimination in Employment Act ("ADEA"). See 29 U.S.C. Secs. 621 et seq. Carey appeals several of the district court's rulings on motions, the entry of summary judgment in favor of the defendants on one claim, and the district court's judgment against her after a bench trial on another claim. We affirm.
 
 
 2
 Carey worked as a teacher in the Archdiocese of Chicago. She filed a complaint in the district court on February 6, 1992, claiming that she had been discriminated against because of her age and named St. Mary School, the Archdiocese of Chicago, and the EEOC as defendants.[1] In her first amended complaint Carey added three other schools as defendants, St. Theresa School, St. Cornelius School, and St. Thomas School, again alleging age discrimination.[2]
 
 
 3
 Carey submitted a letter to the court captioned as a "motion of refusal." Carey believed the court was biased against her because it had delayed in appointing her counsel. Thereafter the district court appointed counsel to represent Carey. Carey then voluntarily dismissed the claims against St. Mary School and St. Thomas School. The defendants moved for summary judgment on the claim against St. Theresa School. The district court granted summary judgment in favor of St. Theresa School, and the claims regarding St. Cornelius School proceeded to trial. After a bench trial, the court found in favor of the school. Carey then moved, acting pro se, to have her claims against St. Mary's reinstated. The court denied the motion and this appeal followed.[3]
 
 I. Recusal Motion
 
 4
 Carey argues that the district court judge should have granted her request to recuse himself from her case. Before being represented by counsel, Carey sent a letter to the district court asking that the judge recuse himself because of the delay in appointing her counsel. Carey asserted that the delay indicated the court's bias against her. At the status hearing following the receipt of Carey's letter, counsel was appointed after the court had obtained the list of trial bar attorneys. Counsel did not move to recuse Judge Moran. We review for an abuse of discretion. United States v. Bunch, 730 F.2d 517, 519 (7th Cir.1984).
 
 
 5
 Carey's request for recusal could have been brought under 28 U.S.C. Sec. 144, which requires recusal "if a party files a timely and sufficient affidavit that the judge has 'a personal bias or prejudice' against [her]." United States v. Balistrieri, 779 F.2d 1191, 1199 (7th Cir.1985). This inquiry focuses on actual bias. No affidavit was filed by Carey, as required by the statute, thereby waiving any argument under Sec. 144. Even construing the letter from Carey to be an affidavit, without pointing to more than delay in the appointment of counsel, there is no evidence of actual personal bias or prejudice here. See United States v. Sykes, 7 F.3d 1331, 1339 (7th Cir.1993) ("the facts averred must be sufficiently definite and particular to convince a reasonable person that bias exists; simple conclusions opinions, or rumors are insufficient" and the bias must stem from an extrajudicial source).
 
 
 6
 Carey's motion for recusal also could have been brought pursuant to 29 U.S.C. Sec. 455, which provides that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." This inquiry focuses on the appearance of impartiality. If a judge denies such a motion, a party must immediately move for a writ of mandamus. See United States v. Towns, 913 F.2d 434 (7th Cir.1990); United States v. Sidener, 876 F.2d 1334, 1336 (7th Cir.1989) (failure to move for a writ of mandamus results in a waiver of the recusal argument). Carey did not move for a writ. We see no reason to question the district court's impartiality in this case.
 
 II. Summary Judgment
 
 7
 Carey argues that the district court erred in granting summary judgment in favor of St. Theresa School. We review a grant of summary judgment by considering all factual issues in the light most favorable to the nonmoving party and determining de novo whether there exists any genuine issue of material fact requiring submission of the case to the finder of fact or whether judgment as a matter of law was appropriate. Fed.R.Civ.P. 56(c); Colburn v. Trustee of Indiana Univ., 973 F.2d 581, 585 (7th Cir.1992). Moreover, "[t]his standard is applied with added rigor in employment discrimination cases, where intent and credibility are crucial issues." Sarsha v. Sears, Roebuck & Co., 3 F.3d 1035, 1038 (7th Cir.1993).
 
 
 8
 Carey was hired as a teacher's aide at St. Theresa in September of 1990 and, depending on her performance, was told she would be considered for a full-time teaching position. Carey worked under pre-school teacher Michelle Gutman. The two did not enjoy a good working relationship. Principal Mary Ann Sesko worked to rectify the situation on several occasions. However, the situation did not improve. When Gutman went on maternity leave, another teacher was hired to replace Gutman and Carey was informed on January 7, 1991, that she would not be the interim teacher. St. Theresa School did not hire Carey for the following school year.
 
 
 9
 Carey alleges that Gutman attributed their problems to the differences in their ages. Gutman was the teacher under whom Carey worked, but Sesko was the principal who made decisions regarding hiring. "[S]tatements made by inferior employees are not probative of an intent to discriminate by the decision maker." Aungst v. Westinghouse Elec. Corp., 937 F.2d 1216, 1221 (7th Cir.1991). While Gutman may have had some input into the final decision, it was Sesko's responsibility to determine whom to hire. Cf. Jardien v. Winston Network, 888 F.2d 1151, 1155 (7th Cir.1989) (supervisor had input into hiring decisions, even though he did not make the final decision, because decision maker wanted to please him). If Sesko believed Carey was qualified and an appropriate candidate, she could have hired her to teach full-time as a teacher in a different grade than Gutman. The evidence demonstrates that Sesko herself had legitimate reasons for not granting Carey a full-time position: poor communications skills, inability to follow directions and work with other teachers, and failing to follow Sesko's instructions. Sesko observed Carey's interaction with students, teachers and superiors and determined that she was not the best candidate for a full-time teaching position.[4]
 
 III. Bench Trial
 
 10
 Carey also challenges the district court's finding that Carey's age was not the reason she was not chosen for the position at St. Cornelius. We review the district court's findings of fact deferentially, reversing only for clear error. Carr v. Allison Gas Turbine Div. Gen. Motors, 32 F.3d 1007, 1008 (7th Cir.1994); Selan v. Kiley, 969 F.2d 560, 567 (7th Cir.1992). We will not reweigh the credibility of witnesses, Smith v. BMI, Inc., 957 F.2d 462, 463 (7th Cir.1992), or find clear error where the district court drew one of several possible inferences from the evidence. Pignato v. American Trans Air, 14 F.3d 342, 346 (7th Cir.1994).
 
 
 11
 Carey applied for a teaching position and was interviewed by St. Cornelius principal Margaret Campbell. Campbell agreed to interview Carey because she recognized Carey's name. At the time of the interview, however, Campbell had narrowed the field of applicants to two, and she was leaning toward hiring one of them. After meeting with Carey, Campbell proceeded to hire the candidate she had initially favored.
 
 
 12
 After a bench trial, the district court ruled in favor of the defendant and provided its reasoning orally. The court found Campbell credible when she testified that her decision not to hire Carey had nothing to do with age. Although the court found that Carey was a qualified teacher, it acknowledged that the interview process is very subjective. Campbell had practically completed the search and her meeting with Carey did not change her mind on whom to hire. We cannot say that the court clearly erred in concluding that age was not the reason Carey was not hired at St. Cornelius.
 
 IV. Reinstatement of Claim
 
 13
 After counsel was appointed, Carey filed an agreed motion to dismiss the claims against St. Thomas School and St. Mary School with prejudice. She then filed a first amended complaint. Following trial, over a year after the voluntary dismissal of these claims, Carey sought to have the claim against St. Mary's reinstated. The district court denied her request and Carey now appeals that decision. We construe Carey's motion to be brought under Federal Rule of Civil Procedure 60(b). Appellate review of an order denying a motion under Rule 60(b) is extremely deferential and we review for an abuse of discretion. United States v. Golden Elevator, Inc., 27 F.3d 301, 302-03 (7th Cir.1994).
 
 
 14
 Our inquiry leads us to the interaction of two rules, Federal Rules of Civil Procedure 41 and 60. Rule 41(a) governs voluntary dismissals. Dismissals under Rule 41(a)(1) are without prejudice unless otherwise stated. Carey and the defendants agreed to dismiss the claim against St. Mary School with prejudice and the court granted the motion.[5] The other rule we must consider, Rule 60(b), allows a court to relieve a party from a final judgment, order, or proceeding for:
 
 
 15
 (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud ... misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application or (6) any other reason justifying relief from the operation of the judgment.
 
 
 16
 Fed.R.Civ.P. 60(b). As explanation for her request to reinstate the dismissed claim, Carey asserts that her attorney dismissed the claim without her understanding of the impact of such a dismissal with prejudice. We do not conclude that the district court abused its discretion in denying Carey's motion. Carey was aware that the claim against St. Mary School was dismissed. See Carey Dep. at 86-2. Indeed, she never asked for dismissal of counsel or brought any disagreement with counsel concerning the dismissed claims to the court's attention. Carey proceeded to trial solely on the claim against St. Cornelius School, and only after she lost did she show any interest in reviving the claim against St. Mary School. The district court did not abuse its discretion in denying reinstatement. Clearly a dismissal with prejudice was contemplated and carried out, and there is no indication Carey sought to retain any right to reinstate. See also Barkauskus v. Lane, 946 F.2d 1292, 1294 (7th Cir.1991) (no Sixth Amendment right to effective assistance of counsel in civil case); Wolfolk v. Rivera, 729 F.2d 1114, 1120 (7th Cir.1984) (no right to assistance of counsel in civil matter; unsatisfied plaintiff must seek remedy in malpractice action). Because none of the reasons for relief from a final judgment were satisfied here, the district court did not abuse its discretion.
 
 
 17
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). Appellant has filed such a statement and requested oral argument. Upon consideration of that statement, the briefs, and the record, the request for oral argument is denied and the appeal is submitted on the briefs and record
 
 
 [1]
 Carey's claims against the EEOC were dismissed sua sponte
 
 
 [2]
 Carey dismissed the Archdiocese of Chicago and added the Bishop of Chicago as a defendant
 
 
 [3]
 We note that Carey has attempted to raise additional claims in her appellate brief. However, several were not preserved below, some are without any legal argument or citation, and some are incomprehensible. We address the four claims that are discernable and properly on appeal, given the liberal construction we must accord to pro se litigant's filings. Haines v. Kerner, 404 U.S. 519, 520 (1972)
 
 
 [4]
 The defendants argued below that Carey failed to file charges with the EEOC within the limitations period. See 29 U.S.C. Sec. 626(d)(2) (a complainant must file a charge with the EEOC within 300 days after the alleged unlawful practice occurred). Carey argued below that the limitations period should be tolled because she consulted with an EEOC investigator and obtained forms to fill out on October 24, 1991. Carey believed that she had properly preserved her rights. We agree with the district court that a material issue existed as to what representations the EEOC made to Carey
 
 
 [5]
 The parties were required to seek approval from the court because the defendants had already answered the original complaint